UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHNNY BANKS                                      Judge Koeltl 09 cv 9357
                    Plaintiff,        **COMPLAINT**

    -against-

NEW YORK CITY and UNIDENTIFIED
POLICE OFFICERS,                       **JURY TRIAL DEMANDED**

                    Defendant(s).
----------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1   Jurisdiction is founded upon the existence of a Federal Question.

2   This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3   Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4   Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5   That this Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6   That the plaintiff, JOHNNY BANKS, is a resident of the County of Queens in the City and State of New York and that he is an African-American male.

7   Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants UNIDENTIFIED POLICE OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

8       Upon information and belief, that at all times hereinafter mentioned, defendants were employed by the defendant, NYC, as members of its police department.

9       Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

10      The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11      This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

12      Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

13      That a Notice of Claim was served on the Comptroller of the City of New York, on or about June 15, 2009.

14      That a 50-H hearing was conducted as to the plaintiff on November 2, 2009 and that as of this date plaintiff's demand for payment has not yet been addressed by the defendants.

15      That more than thirty days have elapsed since the service of the aforementioned notice of claim and that adjustment or payment thereof has been neglected or refused.

16      That the state claim in this cause of action is commenced within one year and ninety days of when this cause of action arose as to plaintiff and that the federal claims are brought in a timely manner within three years of the date they accrued.

**STATEMENT OF FACTS**

17  On April 17, 2009 at approximately 3:30 am, Banks was in his apartment located at 2-10 27th Avenue Apt 5B Astoria New York.

18  There was a shooting in their building, which was followed shortly thereafter by someone knocking on his door.

19  Banks answered the door, and a female friend was there and she had been shot.

20  Banks brought the injured woman into the apartment and assisted her.

21  Banks' nephew, also present in the apartment who had been sleeping then awoke and he called 911 to get an ambulance to assist the injured woman.

22  The defendants, unidentified police officers then arrived.

23  Upon their arrival the officers began questioning Banks about the incident and Banks provided the information he had.

24  The injured woman provided the identification of the shooter, but nevertheless, the police continued to interrogate Banks about the incident.

25  The officers conducted an unconsented, unauthorized, unjustified and illegal search of plaintiff's home.

26  Banks assisted the ENT's in bringing the injured woman to the ambulance.

27  The unidentified officers then arrested Banks without probable cause to believe he had committed a crime.

28  Banks was brought to the 114th precinct at approximately 4:00 am where he was interrogated.

29  At approximately 12:30 pm or later, Banks was brought to Queens Central Booking.

30  At Queens Central Booking despite overcrowded conditions, the corrections officers failed to open additional cells, even though such cells were available.

31  After several hours, Banks was released without seeing a judge as the Queens DA apparently declined prosecution.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
via FALSE ARREST**

32   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

33   That the plaintiff's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff Banks was subjected to being falsely arrested by the defendants.

34   That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

35   As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution, being more particularly, plaintiff's right to be free from arrest without probable cause.

36   That among other invasions of his privacy, offenses to his dignity and violations of his rights, plaintiff was subjected to being handcuffed, searched, confined, he was interrogated, insulted, humiliated and prevented from conducting his normal affairs of business.

37   That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

38   That various defendants who knew of the false arrests and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

39   That by reason of the unlawful false arrest, the plaintiff was subjected to pecuniary harms, he was subjected to great indignities, humiliation, anxiety, he was subjected to inhumane

conditions, he was prevented from conducting his normal affairs of business and that he was otherwise harmed.

40      That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, he is entitled to awards of punitive damages and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

<strong><u>AS AND FOR A SECOND CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF<br>VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO<br>THE COMMON LAW OF THE STATE OF NEW YORK<br>FALSE ARREST/IMPRISONMENT</u></strong>

41      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

42      That the plaintiff's rights have been violated pursuant to the common law of the State of New York via a false arrest/imprisonment.

43      That the defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

44      That New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

45      That the defendants confined the plaintiff, in that plaintiff was not free to leave, defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

46      As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities pursuant to the laws of the State of New York being more particularly plaintiff's right to be free from arrest without probable cause.

47      That among other invasions of his privacy, offenses to his dignity and violations of his rights, plaintiff was subjected to being handcuffed, searched, confined, he was interrogated, insulted, humiliated and prevented from conducting his normal affairs of business.

48      That the said false arrest was caused by the defendants, without any legal justification,

without authority of the law and without any reasonable cause or belief that the plaintiff was in fact guilty of crimes.

49   That by reason of the unlawful false arrests the plaintiff was subjected to pecuniary harms, he was subjected to great indignities, humiliation, anxiety, he was subjected to inhumane conditions, he was prevented from conducting his normal affairs of business and that he was otherwise harmed.

50   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and he is entitled to an award of punitive damages.

### AS AND FOR AN THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 and THE FOURTH AMENDMENT
### via an ILLEGAL SEARCH OF PLAINTIFF'S HOME

51   Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

52   That the plaintiff's rights have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was subjected to an illegal and unjustified search of his home by the defendants.

53   That as a result of such illegal and unjustified search, plaintiff was subjected to great indignities, humiliation, anxiety, an invasion of his privacy and that he was otherwise harmed.

54   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and he is entitled to an award of punitive damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH
### AMENDMENT BY DEFENDANT NEW YORK CITY
### i.e., MONELL CLAIM

55      Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

56      That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

57      Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

58      That the defendant municipality, NYC, intentionally maintains a Civilian Complaint Review Board which conducts sham investigations of its officers when allegations are brought by civilians and that members of the NYPD know this and are thereby not deterred from committing unconstitutional acts such as the acts in the instant matter.

59      That the defendant municipality, NYC, intentionally maintains a Civilian Complaint Review Board which refuses to conduct investigations of its officers when allegations are brought by civilians and that members of the NYPD that false arrests have been committed and the officers of the NYPD are thereby not deterred from committing unconstitutional acts such as the acts in the instant matter.

60      That in so doing the defendant NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the defendants in the instant matter and has thereby caused the violations of plaintiff's rights, including but not limited to plaintiff being subjected to a false arrest and having his home searched without justification.

61   That NYC knew of the patterns of misconduct articulated above and did nothing, and thereby acquiesced in, or tacitly authorized, the defendants' actions.

62   That by reason of the aforementioned, plaintiff was subjected to emotional harms, pecuniary harms, he was subjected to great indignities, humiliation and anxiety and he was subjected to other harms.

63   That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS, and attorneys' fees are appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiffs demand judgment against the defendants in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and punitive damages on the First Cause of Action; ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and punitive damages on the on the Second Cause of Action; ONE HUNDRED THOUSAND ($100,000.00) DOLLARS and punitive damages on the on the Third Cause of Action, and in a sum not exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS on the Fourth Cause of Action along with reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 on plaintiff's federal causes of action together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: November 11, 2009
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　／ s ／
　　　　　　　　　　　　　　　　　　FRED LICHTMACHER (FL-5341)
　　　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　　　The Empire State Building
　　　　　　　　　　　　　　　　　　350 5th Avenue Suite 7116
　　　　　　　　　　　　　　　　　　New York, New York 10118
　　　　　　　　　　　　　　　　　　(212) 922-9066

To:   Michael Cardozo
　　　Corporation Counsel City of New York
　　　100 Church Street
　　　New York, New York 10007