UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| JOHNNY BANKS and ROBBIN LYNN PURVIS, AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, | 09-cv-09357-JGK |
| Plaintiffs, | **SECOND AMENDED COMPLAINT** |
| -against- | **JURY TRIAL DEMANDED** |
| NEW YORK CITY, POLICE OFFICER AARON KRULIK Shield # 20618, SGT SHUMON MAHBUB SHIELD # 3549, LT HENNESSY, UNIDENTIFIED POLICE OFFICERS and UNIDENTIFIED CORRECTION OFFICERS, | |
| Defendant(s). | |

---------------------------------------------------------------X

Plaintiffs, by their attorneys, FRED B. LICHTMACHER, ESQ. and the law firm of HALPERIN & HALPERIN, P.C., complaining of the defendants herein, respectfully allege as follows:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 as well as pursuant to the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3 & 4).

4. Venue is appropriate pursuant to 28 U.S.C. Sections 1391 (b) (1 & 2).

5. This Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6. At all times hereinafter mentioned, plaintiff JOHNNY BANKS

(hereinafter, "BANKS") was and still is a resident of the County of Queens in the City and State of New York; and is an African-American male.

7. At all times hereinafter mentioned, plaintiff ROBBIN LYNN PURVIS was and still is a resident of the Town of Avenel in the State of New Jersey.

8 On or about May 12, 2009, Letters of Administration were duly issued to plaintiff ROBBIN LYNN PURVIS by the Surrogate of the County of Queens in connection with the estate of plaintiff's decedent EDWIN JUNIOR CARRINGTON (hereinafter, "plaintiff's decedent" or "CARRINGTON"), who died on April 23, 2009.

9 At all times hereinafter mentioned, CARRINGTON who was an African-American male, resided in the County of Queens in the City and State of New York.

10 Upon information and belief, at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK (hereinafter, "NYC") was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

11 Upon information and belief, at all times hereinafter mentioned, the defendants POLICE OFFICER AARON KRULIK Shield # 20618, SGT SHUMON MAHBUB SHIELD # 3549, LT HENNESSY, the defendants referred to as UNIDENTIFIED POLICE OFFICERS and UNIDENTIFIED CORRECTION OFFICERS were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

12. Upon information and belief, at all times hereinafter mentioned, the defendants PO KRULIK, SGT MAHBUB, LT HENNESSY, the defendants referred to as the UNIDENTIFIED POLICE OFFICERS and UNIDENTIFIED CORRECTION OFFICERS were employed by the defendant NYC as members of its Police Department and Department of Corrections, respectively.

13. Upon information and belief, at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the

NEW YORK CITY POLICE DEPARTMENT (hereinafter "NYPD"), including all the police officers thereof.

14. Upon information and belief, at all times hereinafter mentioned, the NYPD is a local governmental agency duly formed and operating under and by virtue of the Laws and Constitution of the State of New York; and the commissioner of the NYPD is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

15. Upon information and belief, at all times hereinafter mentioned, the Department of Corrections (hereinafter, "DOC"), is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York; and the commissioner of the DOC is responsible for the policies, practices and customs of the DOC as well as the hiring, screening, training, supervising, controlling and disciplining of its correction officers and civilian employees and is the final decision maker for that agency.

16. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 as well as pursuant to the laws of the State of New York.

17. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

18. A Notice of Claim, as to plaintiff BANKS, was served on the Comptroller of the City of New York, on or about June 15, 2009.

19. A 50-H hearing was conducted as to plaintiff BANKS on November 2, 2009; and that as of this date, said plaintiff's demand for payment has not yet been addressed by the defendants.

20. A Notice of Claim, as to plaintiff ROBBIN LYNN PURVIS was served

on the Comptroller of the City of New York, on or about May 30, 2009.

21. A 50-H hearing was conducted as to the plaintiff ROBBIN LYNN PURVIS on September 11, 2009; and that as of this date, said plaintiff's demand for payment has not yet been addressed by the defendants.

22. More than thirty days have elapsed since the service of the aforementioned Notices of Claim and adjustment or payment thereof have been neglected or refused.

23. The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose as to plaintiffs; and the federal claims are brought in a timely manner within three years of the date they accrued.

## STATEMENT OF FACTS

24. On April 17, 2009 at approximately 3:15 AM, BANKS and CARRINGTON were in their apartment located at 2-10 27th Avenue, Apartment 5B, Astoria, New York.

25. At approximately 3:15 AM, there was a shooting in the apartment building, which was followed shortly thereafter by someone knocking on the door to Apt 5B.

26. BANKS answered the door and discovered a female friend who informed him that she had been shot.

27. BANKS came to the assistance of the injured woman and brought her into Apartment 5B.

28. CARRINGTON who had been sleeping at the time the aforementioned female arrived, then awoke and called 911 to get an ambulance to assist the injured woman.

29. The defendants POLICE OFFICER AARON KRULIK Shield # 20618, SGT SHUMON MAHBUB SHIELD # 3549, LT HENNESSY and UNIDENTIFIED POLICE OFFICERS subsequently arrived.

30. Upon their arrival, the officers began questioning BANKS about the

incident.

31. The injured woman provided the identification of the shooter, but nevertheless, the officers continued to interrogate BANKS and then CARRINGTON, who provided the small amount of information available to them about the subject incident.

32. The defendants then arrested BANKS and CARRINGTON, without probable cause to believe they had committed a crime.

33. BANKS and CARRINGTON were brought to the 114th precinct at approximately 4:00 AM where they were interrogated regarding numerous crimes.

34. CARRINGTON had never previously been arrested and was nevertheless relentlessly grilled by the officers who were holding him without probable cause to believe he had committed a crime.

35. On April 17, 2009 at approximately 12:30 PM, BANKS and CARRINGTON were brought to Queens Central Booking.

36. At Queens Central Booking, the UNIDENTIFIED CORRECTION OFFICERS and their supervisors failed to open additional cells despite overcrowded conditions, even though such cells were available.

37. BANKS and CARRINGTON were offered peanut butter and jelly sandwiches in the crowded cell which had feces on the floor.

38. After several hours, BANKS was released without seeing a judge; and despite the defendants falsely alleging BANKS and CARRINGTON had obstructed governmental administration by allegedly "refusing to cooperate with police investigations by withholding information of perpetrator in regards to earlier crime" [sic] the Queens DA declined to prosecute BANKS.

39. On April 19, 2009 in the late afternoon/early evening, CARRINGTON was finally brought to see a judge approximately sixty (60) hours after he had first been arrested.

40. The judge dismissed the charges against CARRINGTON, including an allegation of Obstruction of Government Administration and allegedly two open warrants for failing to answer summonses relating to walking his dog.

41. On April 23, 2009, CARRINGTON died of a form of meningitis, which upon information and belief, he contracted due to being in the illegally and unconstitutionally overcrowded cell at Queens Central Booking.

42. At the time of his death, CARRINGTON was twenty-seven years old and was survived by two infant children.

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
FALSE ARREST**

43. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

44. The rights of BANKS and CARRINGTON have been violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that BANKS and CARRINGTON were falsely arrested by the defendants.

45. BANKS and CARRINGTON were confined by defendants; defendants intended to confine BANKS and CARRINGTON; BANKS and CARRINGTON were conscious of their confinement; and BANKS and CARRINGTON did not consent to the confinement which was not otherwise privileged.

46. As a direct consequence of defendants' actions, BANKS and CARRINGTON were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

47. Among other invasions of their privacy, offenses to their dignity and violations of their rights, BANKS and CARRINGTON were subjected to being handcuffed, searched, confined, denied access to bathrooms and food for extended periods of time, and they were interrogated, insulted, humiliated and defamed.

48. The false arrests were caused by the defendants without any legal justification, without authority of the law and without any reasonable cause or belief that BANKS and CARRINGTON were in fact guilty of crimes.

49. Defendants who knew of the false arrests and permitted the illegal detentions of BANKS and CARRINGTON to commence and/or continue, are liable to plaintiffs, by virtue of their failure to act pursuant to their affirmative duty to intervene.

50. By reason of the foregoing, BANKS and CARRINGTON sustained conscious pain and suffering; they were subjected to pecuniary harms; they were subjected to great indignities, humiliation and anxiety; they were subjected to inhumane conditions; they were prevented from conducting their normal affairs of business; they were defamed in their community and in the case of CARRINGTON, the false arrest and imprisonment caused his death; and that they were otherwise harmed.

51. By reason of the aforesaid, BANKS has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in a sum not to exceed FIFTY MILLION ($50,000,000.00) DOLLARS; plaintiffs and each of them are entitled to an award of punitive damages' and plaintiffs are entitled to an award of attorneys' pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SECOND, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF BANKS' and CARRINGTON'S RIGHTS PURSUANT TO
COMMON LAW OF THE STATE OF NEW YORK
FALSE ARREST/IMPRISONMENT**

52. Plaintiffs repeat, reiterate and reallege each and every allegation

contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

   53. The rights of BANKS and CARRINGTON were violated pursuant to the common law of the State of New York by reason of their false arrest/imprisonment.

   54. BANKS and CARRINGTON were confined by defendants; defendants intended to confine BANKS and CARRINGTON; BANKS and CARRINGTON were conscious of their confinement; and BANKS and CARRINGTON did not consent to the confinement which was not otherwise privileged.

   55. As a direct consequence of defendants' actions, BANKS and CARRINGTON were deprived of rights, privileges and immunities pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from arrest without probable cause.

   56. Amongst other invasions of their privacy, offenses to their dignity and violations of their rights, BANKS and CARRINGTON were subjected to being handcuffed, searched, confined, denied access to bathrooms and food for extended periods of time; and they were interrogated, insulted and humiliated.

   57. The aforesaid false arrests were caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause or belief that BANKS and CARRINGTON were in fact guilty of crimes.

   58. By reason of the foregoing, BANKS and CARRINGTON sustained conscious pain and suffering; they were subjected to pecuniary harms; they were subjected to inhumane conditions; they were prevented from conducting their normal affairs of business; in the case of CARRINGTON, the false arrest and imprisonment resulted in his death; they were defamed in their community and they were otherwise harmed.

   59 The defendant NYC is vicariously liable to the plaintiffs for the individual defendants' common law torts via the principle of *respondeat superior*.

60   New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

61.   By reason of the foregoing, BANKS has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in a sum not to exceed FIFTY MILLION ($50,000,000.00) DOLLARS; and plaintiffs and each of them are entitled to awards of punitive damages.

**AS AND FOR A THIRD, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF PLAINTIFFS' RIGHTS PURSUANT TO
42 U.S.C. § 1983 and THE FOURTH AMENDMENT
via an ILLEGAL SEARCH OF PLAINTIFFS' HOME**

62.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

63.   The rights of BANKS and CARRINGTON were violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that BANKS and CARRINGTON were subjected to an illegal and unjustified search of their home by the defendants.

64   By reason of the illegal and unjustified search, BANKS and CARRINGTON were subjected to great indignities, humiliation, anxiety, an invasion of their privacy and they were otherwise harmed.

65.   By reason of the foregoing, plaintiffs and each of them have been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; plaintiffs and each of them are entitled to an award of punitive damages and plaintiffs are entitled to an award of attorneys' fees pursuant to 42 USC § 1988.

**AS AND FOR A FOURTH, SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**VIOLATION OF THE PLAINTIFFS' RIGHTS PURSUANT TO**
**42 U.S.C. § 1983 and THE FOURTH AMENDMENT**
**VIA UNREASONABLE TERMS OF CONFINEMENT**
**AS TO BOTH PLAINTIFFS**

66. Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

67. The rights of BANKS and CARRINGTON were violated pursuant to the Fourth Amendment of the United States Constitution made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, by reason of the fact that BANKS and CARRINGTON were subjected to unreasonable terms and conditions of confinement by the defendants.

68. Defendants intentionally and maliciously withheld food and drink from BANKS and CARRINGTON, creating an unreasonable condition of confinement.

69. Defendants intentionally and maliciously did not allow BANKS and CARRINGTON to use the bathroom for almost an entire day creating an unreasonable condition of confinement.

70. Defendants illegally and unreasonably held CARRINGTON for sixty hours.

71. Defendants intentionally, recklessly and maliciously failed to open an adequate amount of cells creating an unreasonably crowded confinement.

72. As a direct consequence of defendants' actions, BANKS and CARRINGTON were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and more particularly, their right to be free from unreasonable terms and conditions of confinement.

73. By reason of the foregoing, BANKS and CARRINGTON sustained conscious pain and suffering; were harmed physically and emotionally; they were subjected to

great indignities, humiliation, embarrassment, anxiety; they were subjected to various ongoing physical and emotional harms; in the case of CARRINGTON, the unreasonable terms of his confinement caused his death and they were otherwise harmed.

74. By reason of the aforesaid, BANKS has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in a sum not to exceed FIFTY MILLION ($50,000,000.00) DOLLARS; and plaintiffs and each of them are entitled to awards of punitive damages; and plaintiffs are entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### AS AND FOR A FIFTH, SEPARATE & DISTINCT CAUSE OF ACTION VIOLATION OF 42 U.S.C. § 1983 and THE FOURTH AMENDMENT VIA DEFENDANT NEW YORK CITY AS TO BOTH PLAINTIFFS i.e., MONELL CLAIM

75  Plaintiffs repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

76  Defendant NYC violated the rights of BANKS and CARRINGTON pursuant to the Fourth Amendment of the United States Constitution as made applicable to the states by virtue of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

77  Defendant NYC and unidentified police officers who were supervisors and final decision makers, as a matter of policy and practice, acted with a callous, reckless and deliberate indifference to BANKS' and CARRINGTON's rights pursuant to the Constitution and laws of the United States, as a consequence of the fact that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant officers in this case to engage in the above-mentioned conduct.

78  NYC intentionally maintains a Civilian Complaint Review Board which

refuses to conduct investigations of its officers when allegations are brought by civilians against the NYPD; and the officers of the NYPD consequently were not deterred from committing unconstitutional acts such as the acts committed by defendants in the instant matter.

79   NYC refuses to conduct investigations of its corrections officers when allegations are brought by civilians against officers of the DOC; and the officers of the DOC are not deterred from committing unconstitutional acts such as the acts committed by defendants in the instant matter.

80   NYC has caused, encouraged, condoned and has been deliberately indifferent to unconstitutional acts performed by members of the NYPD and the DOC and the defendants in the instant matter and has thereby caused the violations of plaintiffs' rights.

81   NYC knew of the patterns of misconduct by defendants articulated above and did nothing, thereby acquiescing in, or tacitly authorizing, the defendants' actions.

82   NYC regularly maintains overly crowded, unsanitary and unsafe conditions in Queens Central Booking and the other Boroughs Central Booking cells where it maintains arrestees, particularly on weekends when more arrests are often made.

83   By reason of the foregoing, BANKS and CARRINGTON sustained conscious pain and suffering; they were harmed physically and emotionally; they were subjected to great indignities, humiliation, embarrassment, anxiety; they were subjected to various ongoing physical and emotional harms; and in the case of CARRINGTON, the unreasonable terms of his confinement caused his death; and they were otherwise harmed.

84.   By reason of the foregoing, BANKS has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in a sum not to exceed FIFTY MILLION ($50,000,000.00) DOLLARS; plaintiffs and each of them are entitled to an award of punitive damages; and plaintiffs and each of them are entitled to an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

**AS AND FOR A SIXTH, SEPARATE & DISTINCT
CAUSE OF ACTION
ON BEHALF OF BOTH PLAINTIFFS FOR
COMMON LAW NEGLIGENCE**

85. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

86. Defendants and each of them owed a duty of reasonable care to avoid negligence, carelessness and wrongful conduct which defendants knew or had reason to know would likely cause injury to BANKS and CARRINGTON.

87. The injuries to BANKS and CARRINGTON as aforesaid were caused through and by reason of the negligence, carelessness and wrongful conduct of the defendants, with no negligence on the part of BANKS and CARRINGTON contributing thereto.

88. Defendants knew or had reason to know that there was a substantial probability that their negligence, carelessness and wrongful conduct as aforesaid would cause BANKS and CARRINGTON injuries.

89. By reason of the foregoing, BANKS and CARRINGTON sustained conscious pain and suffering; were harmed physically and emotionally; they were subjected to great indignities, humiliation, embarrassment, anxiety; they were subjected to various ongoing physical and emotional harms; in the case of CARRINGTON, the unreasonable terms of his confinement caused his illness, extreme pain and suffering and his death; and they were otherwise harmed.

90. The foregoing acts and conduct on the part of defendants and each of them, toward BANKS and CARRINGTON, were so willful, unfair, improper, oppressive, egregious and without any color of right whatsoever, that plaintiffs are entitled in addition to compensatory damages, punitive or exemplary damages in an amount which will constitute a warning to other members of the public in situations similar to the one which is the subject of this action, not to engage in such negligence, carelessness and wrongful conduct in the future.

91.     By reason of the foregoing, BANKS has been damaged in a sum not to exceed ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in a sum not to exceed FIFTY MILLION ($50,000,000.00) DOLLARS; and plaintiffs and each of them are entitled to an award of punitive damages.

**AS AND FOR A SEVENTH, SEPARATE & DISTINCT
CAUSE OF ACTION ON BEHALF OF
ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF
EDWIN JUNIOR CARRINGTON
FOR WRONGFUL DEATH**

92     Plaintiffs repeat, reiterate and reallege each and every allegation set forth in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

93.     The death of CARRINGTON was caused entirely as a consequence of the negligence, carelessness and wrongful conduct of the defendants and each of them as aforesaid.

94.     By reason of the foregoing, defendants are liable to the plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON pursuant to N.Y.E.P.T.L. § 5-4.1 for fair and just compensation for the pecuniary injuries resulting from CARRINGTON's death to the persons for whose benefit this action is brought; for all lawful elements of recoverable damages; the reasonable expenses of medical aid, nursing and attention incident to the injury causing death; the reasonable funeral expenses of the plaintiff's decedent paid by the distributees, or for the payment of which any distributee is responsible; and for interest upon the principal sum PURVIS recovers in the instant action from April 24, 2009 to the date of judgment.

95.     By reason of the foregoing, plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON has been damaged in an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars,

together with interest pursuant to N.Y.E.P.T.L. § 5-4.1.

**WHEREFORE**, plaintiffs demand judgment against the defendants, as follows:

1. As to the First Cause of Action on behalf of plaintiff JOHNNY BANKS, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; on behalf of plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, an indeterminate sum of not less than FIFTY MILLION ($50,000,000.00) DOLLARS; and on behalf of plaintiffs and each of them, an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

2. As to the Second Cause of Action on behalf of plaintiff JOHNNY BANKS, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; on behalf of plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, an indeterminate sum of not less than FIFTY MILLION ($50,000,000.00) DOLLARS; and on behalf of plaintiffs and each of them, an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

3. As to the Third Cause of Action, an indeterminate sum of not less than on behalf of plaintiff JOHNNY BANKS, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS each  awards of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

4. As to the Fourth Cause of Action, on behalf of plaintiff JOHNNY BANKS, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; on behalf of plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, an indeterminate sum of not less than FIFTY MILLION ($50,000,000.00) DOLLARS; and on behalf of plaintiffs and each of them, an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988;

5. As to the Fifth Cause of Action on behalf of plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, an indeterminate sum of not less than Ten Million ($10,000,000.00) Dollars, together with

interest pursuant to N.Y.E.P.T.L. § 5-4.1; and

    6. As to the Sixth Cause of Action, on behalf of plaintiff JOHNNY BANKS, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; on behalf of plaintiff ROBBIN LYNN PURVIS AS ADMINISTRATOR OF THE ESTATE OF EDWIN JUNIOR CARRINGTON, an indeterminate sum of not less than FIFTY MILLION ($50,000,000.00) DOLLARS; and an award of attorneys' fees pursuant to 42 U.S.C. § 1988;

    7. As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
   December 13, 2010

                  _____/ s /_____
                  FRED B. LICHTMACHER, ESQ.
                  Co-Counsel for Plaintiffs
                  JOHNNY BANKS and ROBBIN LYNN
                  PURVIS AS ADMINISTRATOR OF THE
                  ESTATE OF EDWIN JUNIOR
                  CARRINGTON
                  Office & P.O. Address
                  The Empire State Building
                  350 5th Avenue Suite 7116
                  New York, New York 10118
                  (212) 922-9066


                  _____\S_____
                  Steven T. Halperin, Esq.
                  HALPERIN & HALPERIN, P.C.
                  Co-Counsel for Plaintiffs
                  JOHNNY BANKS and ROBBIN LYNN
                  PURVIS AS ADMINISTRATOR OF THE
                  ESTATE OF EDWIN JUNIOR
                  CARRINGTON
                  Office & P.O. Address
                  18 East 48th Street
                  New York, New York  10017
                  (212) 935-2600


To: MICHAEL CARDOZO
   Corporation Counsel City of New York
   100 Church Street
   New York, New York 10007