```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5-24-18
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JESSICA TORRES, AS ADMINISTRATOR OF
THE ESTATE OF EDWIN JUNIOR
CARRINGTON, et al.

          Plaintiff,

 -against-

THE CITY OF NEW YORK,

          Defendant(s).

------------------------------------------------------------X

09-CV-9357
Judge Lorna G. Schofield

STIPULATION & ORDER
AMENDING JUDGMENT

    **WHEREAS,** on July 25, 2017, a judgment was entered in favor of M____ A____ C_____: and against THE CITY OF NEW YORK in the amount of $146,074.20; in favor of E_____ C_____ and against THE CITY OF NEW YORK in the sum of $170,500.15; and in favor of the ESTATE OF EDWIN JUNIOR CARRINGTON and against THE CITY OF NEW YORK in the sum of $10,710.00 (ECF Doc. 185); and

    **WHEREAS,** on September 14, 2017, a further judgment for costs was entered in favor of the ESTATE OF EDWIN JUNIOR CARRINGTON and against THE CITY OF NEW YORK in the amount of $4,075.87; and

    **WHEREAS,** the aforementioned judgments remain unpaid; and

    **WHEREAS,** by Order of the Hon. M.J. Robert W. Lehrburger, plaintiff is to be paid additional post-judgment interest for sixty (60) days at the rate of six (6%) percent per annum; and

    **WHEREAS,** after calculation of interest, the following sums are due:

$147,514.92 is due to M____ A___ C_____: inclusive of interest for 60 days; and

$172,181.80 is due to E_____ C_____, inclusive of interest for 60 days; and

$10,815.63 is due to THE ESTATE OF EDWIN JUNIOR CARRINGTON, inclusive of interest for 60 days; and

$4,116.07 is due to THE ESTATE OF EDWIN JUNIOR CARRINGTON for costs, inclusive of interest for 60 days;

For the total judgment amount of $334,628.42, inclusive of interest for 60 days.

**WHEREAS,** the parties desire that the portions of the aforementioned judgment allocable to the infants M____ A___ C_____ and E_____ C_____ shall be applied to the purchase of separate annuities in favor of M____ A___ C_____ and E_____ C_____;

**NOW THEREFORE, IT IS HEREBY STIPULATED & AGREED, AS FOLLOWS:**

1). The amount of $89,697.33 of the above judgment shall be used to purchase an annuity which will provide the following periodic payments for the benefit of M____ A___ C_____:

Guaranteed payments continuing for four (4) years only, providing $15,000.00 per year, level income, with first payment commencing on 03/29/2024;

Guaranteed payments continuing for eight (8) years only, providing $640.24 per month, level income, with first payment commencing on 03/29/2028;

The total cost for this annuity: $89,697.33; and

The alternative beneficiary on this annuity shall be; E_____ C_____.

2.      The amount of $104,696.36 shall be used to purchase an annuity which will provide the following periodic payments for the benefit of E_____ C_____:

Guaranteed payments continuing for four (4) years only, providing $15,000.00 per year, level income, with first payment commencing on 01/21/2027;

Guaranteed payments continuing for eight (8) years only, providing $1,068.63 per month, level income, with first payment commencing on 01/21/2031; and

The total cost for this annuity:   $104,696.36; and

The alternative beneficiary on this annuity shall be; M____ A___ C_____.

3.      If the annuities are not purchased by 08/07/2018, the structured settlement benefits are subject to change.

4       Defendant THE CITY OF NEW YORK shall arrange for the purchase of annuity contracts from Metropolitan Tower Life Insurance Company, ("Annuity Issuer"), rated A+, Class XV by A.M. Best Company, and licensed to do business in the State of New York.  The Defendant shall assign the obligation to make the future periodic payments herein to MetLife Assignment Company, Inc., ("Assignee"), pursuant to Section 130 of the Internal Revenue Code.  The Assignee will fund its obligation to make the future periodic payments by purchasing annuities from the Annuity Issuer.  Metropolitan Tower Life Insurance Company will provide a statement of guarantee as evidence of its financial guarantee over the periodic payment obligation of MetLife Assignment Company, Inc.

5. The annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, no part of any annuity payments called for herein, are subject to execution or any legal process for any obligation in any manner.  The Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

6. All sums set forth herein constitute damages on account of personal physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code.

7. The balance of the judgment in the amount of $140,234.73, shall be delivered by check payable to Halperin & Halperin, P.C. and Fred Lichtmacher as Attorneys for the ESTATE OF EDWIN JUNIOR CARRINGTON, Deceased.

7. Upon purchase and delivery to plaintiffs' counsel of the annuities and payments of the sums set forth above, the judgments entered in this matter shall be satisfied in full.

Dated: New York, New York
May 10, 2018

_____
Fred Lichtmacher, Esq.
Fred Lichtmacher, P.C.
Co counsel for Plaintiff
JESSICA TORRES
Office & P.O. Address
116 W. 23rd Street, 5th Fl.
New York, N.Y. 10118
(212) 922-9066

_____
Steven T. Halperin, Esq.
Halperin & Halperin PC
Co counsel for Plaintiff
JESSICA TORRES
Office & P.O. Address
18 East 48th Street, Suite 1001
New York, NY 10017
(212) 935-2600

_____
Elissa B. Jacobs, Esq.
Assistant Corporation Counsel
Zachary W. Carter
Attorney for Defendant
THE CITY OF NEW YORK
Office & P.O. Address
100 Church Street
New York, New York 10007
(212) 788-9391

SO ORDERED:

_____ 5/10/18
~~USDJ~~

**Robert W. Lehrburger**
**United States Magistrate Judge**
**Southern District of New York**